# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**YRAIDA L. GUANIPA,**

    **Petitioner,**

**vs.**                                              **CASE NO.** 5:04CV150-SPM/AK

**CARLYLE I. HOLDER, WARDEN,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This cause, alleging that the Bureau of Prisons is violating due process by improperly depriving prisoners of good time based on an erroneous interpretation of 18 U.S.C. § 3624(b), was originally filed as a § 1983 action in the United States District Court for the District of Columbia but was recently transferred here. In its order of transfer, the court found that Petitioners are actually seeking habeas corpus relief since "[c]laims regarding good-time credit calculations are challenges to the duration of custody...." Doc. 11.

The Court appointed counsel for instant petitioner and ordered all motions to join to be separately filed as § 2241 petitions. Doc. 72. Each of those cases has proceeded in due course, with the majority of them either being transferred to the appropriate

jurisdiction for consideration or dismissed for failure to exhaust. After counsel's appointment, Petitioner filed an amended petition. Doc. 334. The Court did not order a response from Respondent and has deferred ruling in this case because it was aware that the identical issues were on appeal before the Eleventh Circuit.

On July 12, 2005, the Eleventh Circuit issued its decision in *Brown v. McFadden*, finding:

> (1) 18 U.S.C. § 3624(b)(1) is ambiguous and does not unambiguously support either argument; that a federal prisoner should get good time credit of 54 days for each year he is sentenced to imprisonment, *or* that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison;
>
> (2) Even though the statute is ambiguous, the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed; and
>
> (3) The rule of lenity is inapplicable because of the BOP's reasonable interpretation of 18 U.S.C. § 3624(b)(1).

*Brown v. McFadden*, No. 04-14132, 2005 WL 1618739, at *2 (11th Cir. July 12, 2005) (emphasis in original).

Because *Brown* disposes of the issues in this case, it is respectfully **RECOMMENDED** that Petitioner's amended petition for writ of habeas corpus, Doc. 334, be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **14th** day of July, 2005.

                        s/ A. KORNBLUM
                        **ALLAN KORNBLUM**
                        **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**